IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

NORMAN TODD DAVIS,

    Plaintiff,

v.

CIGNA HEALTH AND LIFE INS. CO.,

    Defendant.

Civil Action No. 2:23-cv-55

## **COMPLAINT**

Plaintiff, Norman Todd Davis (hereinafter "Plaintiff"), makes the following allegations:

## **PARTIES**

1. At all relevant times Plaintiff was and is an adult resident of Washington County, Tennessee.

2. Plaintiff alleges upon information and belief that Defendant Cigna Health and Life Ins. Co. is incorporated and has its principal place of business in Connecticut.

3. Plaintiff alleges upon information and belief that Defendant Cigna Health and Life Ins. Co. ("Cigna") is an insurance company authorized to transact the business of insurance in Tennessee and may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-1131.

4. Defendant Cigna issued Policy Number PAINDEPO052021 (the "Policy") to Plaintiff.

5. Defendant Cigna is the employer of all persons who acted on behalf of Cigna in regards to Plaintiff's claim.

## JURISDICTION AND VENUE

6. The court has jurisdiction over this matter pursuant to 28 USC §1332 as this action is between citizens of different states and the amount in controversy exceeds $75,000, because the reasonably foreseeable, significant, and permanent injuries and other related claims including consequential and punitive damages as a result of Cigna's failure to timely pay benefits under the Policy suffered by Plaintiff exceed $75,000.

7. Venue is proper within the Eastern District of Tennessee pursuant to 28 U.S.C §1332 because Plaintiff is a resident of the Eastern District of Tennessee and many of the events at issue took place there.

## FACTS

8. In early 2022, Plaintiff began to suffer from ulcers and vein blockages in his left foot and leg.

9. Plaintiff was covered under the Policy, which provided coverage for medical treatment.

10. The Policy provides coverage for inpatient surgery and outpatient professional fees including radiation, anesthesia, surgery, and diagnostic procedures.

11. Plaintiff's policy also requires that surgeries be pre-approved by Cigna.

12. Plaintiff's policy provides coverage for "medically necessary" procedures, which must be all of the following: "appropriate and necessary for the symptoms, diagnosis, or treatment of the medical or dental condition, clinically appropriate in terms of type, frequency, extent, site and duration, provided for the diagnosis or direct care and treatment of the medical or dental procedure, within generally accepted standards of good medical practice with the community of qualified medical professionals, rendered in the least intensive setting that is

appropriate for the delivery of the services and supplies. Where applicable, Cigna may compare the cost effectiveness of alternative services when determining the least intensive setting, the most appropriate procedure, supply, equipment or service which be safely provided and that meets the following requirements: i) must have been proven by scientific studies published in peer-reviewed medical literature to be associated with beneficial health outcomes, demonstrating that the expected health benefits are clinically significant and produce a greater likelihood of benefits, without a disproportionately greater risk of harm or complications, for the patient with the particular medical condition being treated than other possible alternatives and ii)Generally accepted forms of treatment that are less invasive have been ineffective or are otherwise unsuitable and iii) for Hospital stays, acute care as an inpatient is necessary due to the kind of service es the patient is receiving or the severity of the medical condition, and that safe adequate care cannot be received as an outpatient or in a less intensified medical setting."

13. The policy also provides that the fact that a provider prescribed the treatment does not in and of itself make it medically necessary.

14. Because Plaintiff could not afford to pay for large medical expenses out of pocket, he relied on Cigna to timely pay for medical expenses when they arose.

15. On information and belief, on or around February 2022, Plaintiff's provider applied to Cigna for approval for Plaintiff to receive an angioplasty procedure to relieve the blockages in his veins.

16. On information and belief, Cigna denied this procedure verbally to Plaintiff's provider.

17. On information and belief, Plaintiff's provider sent him to several tests designed to demonstrate the necessity of the angioplasty.

18. Plaintiff's provider again submitted information to Cigna requesting approval for the angioplasty.

19. Again, on information and belief, Cigna verbally denied approval for the surgery as not medically necessary.

20. Again, Plaintiff's provider ordered additional testing.

21. Plaintiff's provider submitted additional information to Cigna, again requesting approval to perform the angioplasty.

22. A third time, Cigna denied plaintiff's claim for the angioplasty.

23. On information and belief, the Plaintiff's condition continued to worsen throughout this time.

24. After Cigna verbally denied his claim a third time, Plaintiff, his surgeon, and his insurance agent participated in a peer-to-peer phone call with a physician at Cigna.

25. On information and belief, during the phone call, Cigna's physician verbally approved Plaintiff's request for the angioplasty procedure.

26. Plaintiff's provider scheduled him for an angioplasty.

27. On the day he was scheduled to have the angioplasty, the hospital staff informed Plaintiff that Cigna had verbally denied his surgery as not medically necessary.

28. Plaintiff was not able to afford the angioplasty out of pocket.

29. Ten days later, Plaintiff reported to the hospital with a septic infection in his leg.

30. Although Plaintiff's provider attempted to perform the angioplasty at the hospital, it was unsuccessful due to the advanced state of Plaintiff's infection.

31. A surgeon at the hospital amputated Plaintiff's left leg due to the advanced state of the infection.

32. After his amputation, Plaintiff continues to suffer from pain, anxiety, and other medical problems as a result of his amputation.

33. If Cigna had timely approved Plaintiff's surgery, he would not have required the amputation.

34. Plaintiff can no longer perform his occupation as a contractor due to the loss of his leg.

35. On information and belief, Cigna never sent Plaintiff written correspondence or information related to its reasons for denying his claim.

36. When Plaintiff later requested a copy of his claim file, Cigna provided a file that did not contain correspondence, decisions, or other information related to his claim for the angioplasty surgery.

37. On information and belief, Cigna did not follow reasonable claims handling procedures.

38. On information and belief, Cigna knew or should have known that that Plaintiff would eventually develop an infection due to his ulcers and vein blockages if he did not timely receive the angioplasty and that it was reasonably foreseeable that such an infection would require amputation of his leg.

## COUNT I
## BREACH OF CONTRACT FOR FAILURE TO PAY BENEFITS
## AGAINST ALL DEFENDANTS

Plaintiff incorporates the allegations contained in the previous paragraphs as if fully stated herein and further states that:

39. Plaintiff suffered from a medical condition requiring the angioplasty procedure.

40. Plaintiff's procedure was medically necessary under the terms of the Policy.

41. Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

42. Defendants, under the terms of the contract of insurance, are indebted to Plaintiff for the surgery.

43. Defendants have failed and refused to honor their common law and contractual obligations under the policy of insurance that was issued to the Plaintiff for the benefit of Plaintiff.

44. Defendants have breached their contract with Plaintiff to timely provide payment for medically necessary surgical procedures.

45. Defendants breached their contract by failing to timely provide benefits owed to Plaintiff, and by further engaging in actions which resulted in the lack of a fair, thorough and objective review.

46. Defendant acted intentionally, fraudulently, maliciously, and recklessly by not timely paying Plaintiff's claim for the angioplasty.

47. Defendant acted intentionally, fraudulently, maliciously, and recklessly by not paying for the angioplasty until Plaintiff's condition was so advanced that the angioplasty would not be successful.

48. As a direct and proximate result of Defendants' actions in handling this claim, Plaintiff has suffered, and continues to suffer, monetary loss and damages.

49. As a direct and proximate result of Defendant's actions in handling this claim, Plaintiff has suffered, and continues to suffer, consequential damages including loss of past and future income, pain and suffering, and loss of his limb.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant Plaintiff the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. That the Court enter judgment in favor of Plaintiff and against Defendant and that the Court order the Defendant to pay consequential damages to the Plaintiff in the amount equal to his loss of past and future income, medical expenses, loss of enjoyment of life and to compensate him for his pain and suffering.

2. That the Court enter judgment in favor of Plaintiff and against Defendants.

3. That the Court order Defendants to pay Plaintiff's attorneys fees and costs.

Dated this May 30, 2023

        Respectfully submitted,

        ERIC BUCHANAN & ASSOCIATES, PLLC
        ATTORNEYS FOR PLAINTIFF


BY: */s/ Hudson T. Ellis*
     Hudson T. Ellis (#028330)
     Kaci Garrabrant (#039026)
     414 McCallie Avenue
     Chattanooga, Tennessee 37402
     (423) 634-2506
     (423) 634-2505 (fax)